Bruce G. HEATH, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 57S04–0409–CR–00409.

Supreme Court of Indiana.

May 10, 2005.

Susan K. Carpenter, Public Defender of Indiana, Lorraine L. Rodts, Special Assistant to the Public Defender, Attorneys for Appellant.

Ann M. Sutton, Kathleen M. Sweeney, Michael R. Limrick, Joel M. Schumm, Indianapolis, IN, Attorneys for Amicus Curiae Marion County Public Defender Agency.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Ellen H. Meilaender, Deputy Attorneys General, Attorneys for Appellee.

Kim Hall, Knox, IN, Stephen J. Johnson, Indianapolis, IN, Attorneys for Amicus Curiae Indiana Prosecuting Attorney's Council.

SHEPARD, Chief Justice.

Appellant Bruce G. Heath challenges the trial court's reliance on three aggravating factors to impose an enhanced sentence for a criminal recklessness conviction. In accordance with our recent holding in *Smylie v. State*, we hold that Heath properly preserved the issue on appeal by raising the claim in his initial appellate brief and that the sentence enhancement violates *Blakely v. Washington*.

**Facts and Procedural History**

This case arises from events in Kendallville during a June evening in 2001, when Shaun Caudill accepted Eric Rupley and Joshua Deming's challenge to a fight. Bruce Heath, Heath's thirteen-year-old nephew, and various other Caudill acquaintances, decided to drive to the location after catching wind of the potential fight. Heath claimed he was under the impression there would be a drag race. Caudill notified the group of followers that the fight was off, but it is unclear whether Heath received the message. Heath and one other vehicle proceeded to the location.

When Heath arrived, people presumably on Rupley and Deming's side surrounded his vehicle. They kicked and pounded the car and struck Heath and his nephew. Heath then shot two members of the raucous crowd, Justin Knox and Josh Deming, in the leg and in the face, respectively. Because the remaining persons surrounding the car had not dispersed to Heath's satisfaction, he fired two more shots, one of which struck the passenger-side door of a nearby parked truck. Three people were in the bed of that truck, and another person was in the cab. Heath then made a quick departure.

The State charged Heath with two counts of class C felony criminal recklessness for Knox and Deming's injuries. It charged a third count of class D felony criminal recklessness for the two subsequent shots. The jury found Heath guilty on Count III only. The Indiana Code provides that the penalty for a class D felony is a presumptive "fixed term" of one and one-half years, with a maximum of one and one-half years added for aggravating circumstances and a maximum of one year subtracted for mitigating circumstances. Ind.Code Ann. § 35–50–2–7 (West 2004). The trial court found the following aggra-

vating factors: 1) the crime was committed in the presence of a person less than 18–years–old; 2) there were many unarmed observers in extreme danger nearby; and 3) the circumstances represented the "[w]orst type of Class D Criminal Recklessness facts." (Appellant's App. at 504.) It found Heath's lack of a prior criminal record as a mitigator. The court then sentenced Heath to two and a half years.

## I. Heath Properly Preserved the Issue

■ In his appellate brief, Heath argued that the trial court improperly considered each of the three aggravating circumstances used to enhance his sentence above the fixed term. (Appellant's Br. at 44–48.) This sentencing challenge put before the Court of Appeals was sufficient to preserve the *Blakely* claim that Heath fully articulated in his petition to transfer. *See Smylie v. State*, 823 N.E.2d 679, 690–91 (Ind.2005).

## II. Enhancement Violates *Blakely*

■ The three aggravating circumstances on which the sentence rests were neither prior convictions, nor were they found beyond a reasonable doubt by the jury. *See Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 2536–38, 159 L.Ed.2d 403 (2004). Therefore, adding a year to the statutory presumptive term violated Heath's Sixth Amendment right to a jury trial. *Smylie*, 823 N.E.2d at 682–83, 687.

## Conclusion

The other grounds on which Heath has sought reversal of his conviction were correctly rejected by the Court of Appeals. Ind. Appellate Rule 58(A). We vacate the enhancement of Heath's sentence and remand for imposition of the fixed term or for such jury proceedings as the State may wish to pursue to create a basis for enhancement.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.